# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN P. SUPER, | No. 4:25-CV-01049 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN OF DANVILLE STATE HOSPITAL, | |
| Respondent. | |

## MEMORANDUM OPINION

### MAY 22, 2026

Steven P. Super initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his continued involuntary civil commitment at Danville State Hospital.  Super, however, failed to exhaust his claims in state court and has not established any basis to excuse his non-exhaustion.  The Court, therefore, must dismiss his Section 2254 petition without prejudice.

## I.    BACKGROUND

On June 10, 2025, Super lodged a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  In that petition, he appeared to challenge his involuntary civil commitment at Danville State Hospital.[2]

---

[1]    Doc. 1.
[2]    *See generally id.*

Under the requirements set forth in *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000), on July 1, 2025, the Court issued its standard Order and Notice of Election, informing Super of the restrictions on filing a second or successive Section 2254 petition in federal court and giving him the opportunity to either stand on his petition as filed or withdraw his petition to file an all-inclusive petition raising all grounds for habeas relief.[3]  That Order specifically explained to Super that if he intended to file an all-inclusive Section 2254 petition in this case, his response "must also be accompanied by a new § 2254 petition."[4]

Super returned his Notice of Election on July 16, 2025, plainly indicating that he had decided to withdraw his Section 2254 petition so that he could file an all-inclusive petition within the one-year limitations period.[5]  Super <u>did not</u> include a new, all-inclusive petition with his Notice of Election.[6]

He did, however, send a cover letter,[7] in which he appeared to misunderstand the Notice of Election process and the filing limitations for Section 2254 petitions.  In that letter, Super stated that he had checked the box on the Notice of Election indicating that he was withdrawing his initial Section 2254 petition "just in case [he] need[s] to appeal again without penalty."[8]

---

[3]    *See* Doc. 6.
[4]    *Id.* at 3 ¶ 3.
[5]    Doc. 8.
[6]    *See id.*
[7]    Doc. 7.
[8]    *Id.* at 1.

2

But that is not how 28 U.S.C. § 2254 and 28 U.S.C. § 2244 work.  Rather, as clearly explained in the Court's July 1 Order, a habeas petitioner generally gets one opportunity to file a Section 2254 petition raising all grounds for relief.  If that petition is considered by the Court and decided on the merits, a petitioner who desires to file a new petition raising a different ground (or grounds) for relief must first obtain authorization from the appropriate federal court of appeals by satisfying the extremely demanding requirements set forth in 28 U.S.C. § 2244(b)(2).

Accordingly, because Super plainly indicated that he was withdrawing his initial Section 2254 petition, and because he did not include a new, all-inclusive petition with his Notice of Election, the Court deemed his petition withdrawn and dismissed the case without prejudice.[9]

On August 4, 2025, the Court received a letter from Super that appeared to seek reconsideration of the dismissal of his Section 2254 petition.[10]  It was clear from this August 4 letter that Super was confused about the Notice of Election process and wanted to proceed with his habeas action.[11]  The Court therefore construed the August 4 letter as a motion for reconsideration and granted that motion.[12]

---

[9]   *See* Doc. 9.
[10]   Doc. 12.
[11]   *See id.*
[12]   *See* Doc. 13 at 3.

Accordingly, on August 11, 2025, Super's case was reopened and he was given 21 days in which to file an all-inclusive Section 2254 petition.[13]  The Court provided Super with a blank copy of the "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody."[14]  The Court further warned Super that if he did not timely file an all-inclusive Section 2254 petition using the form provided by the Clerk of Court, the Court would once again close his case.[15]

The 21-day deadline came and went, but the Court did not receive an all-inclusive petition from Super.  Thus, the Court once more dismissed and closed his case.[16]

Two months later, the Court received an all-inclusive Section 2254 petition from Super.  Oddly, the petition was dated August 21, 2025, and postmarked by the United States Postal Service as being mailed on September 5, 2025.[17]  For reasons unknown, it was not received by the Court until November 21, 2025.[18]

The Court therefore deemed the petition timely filed, vacated the prior dismissal Order, and directed the Clerk of Court to again reopen the case.[19]  A response was then ordered from Respondent,[20] which was eventually received on

---

[13]  *See id.* at 3 ¶¶ 2, 4.
[14]  *See id.* at 3 ¶ 3.
[15]  *See id.* at 4 ¶ 5.
[16]  *See* Doc. 14.
[17]  *See* Doc. 17 at 1 & nn.2-3.
[18]  *See id.* at 1 & n.4.
[19]  *See id.* at 1-2.
[20]  *See* Doc. 19.

February 18, 2026.[21]  Super did not file a traverse and the time in which to do so has passed, so his Section 2254 petition is ripe for disposition.

## II.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[22] mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief.[23]  An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits.[24]

If a state prisoner has not fairly presented a claim to the state courts "but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play."[25]  Generally, if a prisoner has procedurally defaulted on a claim by failing to raise it in state-court proceedings, a federal habeas court will not review the merits of the claim, even one that implicates constitutional concerns.[26]

---

[21]  *See generally* Doc. 33.
[22]  28 U.S.C. §§ 2241-2254.
[23]  *Id.* § 2254(b)(1)(A).
[24]  *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Johnson v. Williams*, 568 U.S. 289, 302 (2013).
[25]  *Carpenter*, 296 F.3d at 146 (citations omitted).
[26]  *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 747-48 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 84-85 (1977)).

A few limited exceptions to this rule exist.  One exception is that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."[27]  "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule."[28]  To establish prejudice, a petitioner must show not merely that there were errors that created a possibility of prejudice, but that they "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[29]  If cause and prejudice are established, the federal court reviews the claim *de novo* "because the state court did not consider the claim on the merits."[30]

Another rare exception that will excuse a procedural default is if the petitioner can show that "failure to consider the claim will result in a fundamental 'miscarriage of justice.'"[31]  To satisfy the "fundamental miscarriage of justice" exception, a petitioner typically will have to show actual innocence.[32]

---

[27]  *Id.* at 10 (citing *Coleman*, 501 U.S. at 750).
[28]  *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted).
[29]  *Holland v. Horn*, 519 F.3d 107, 112 (3d Cir. 2008) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).
[30]  *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236 (3d Cir. 2017), *cert. denied sub nom. Gilmore v. Bey*, 138 S. Ct. 740 (2018) (mem.) (citation omitted).
[31]  *Carpenter*, 296 F.3d at 146 (quoting *Coleman*, 501 U.S. at 750).
[32]  *Leyva v. Williams*, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).

## III.  DISCUSSION

As best as the Court can discern, the gravamen of Super's Section 2254 petition[33] is a constitutional challenge to the continuation of his court-ordered, involuntary commitment at Danville State Hospital under Section 305 of the Mental Health Procedures Act (MHPA).[34]  Although Super refers to Section "304" of the Act,[35] his current involuntary commitment appears to be a 90-day extension of the initial court-ordered involuntary treatment, thus implicating Section 305.[36] According to Respondent, Super has been involuntarily committed for mental

---

[33]  Respondent contends that a petition under 28 U.S.C. § 2254 is an inappropriate procedural vehicle to challenge involuntary state civil commitment. *See* Doc. 33 at 3-4 n.4.  The Court disagrees. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001) ("Incarceration pursuant to a state criminal conviction may be by far the most common and most familiar basis for satisfaction of the 'in custody' requirement in § 2254 cases.  But there are other types of state court judgments pursuant to which a person may be held in custody within the meaning of the federal habeas statute.  For example, federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt. . . .  These types of state court judgments neither constitute nor require criminal convictions." (citations omitted)).  While these statements by the nation's highest court may be *dicta*, that fact does not undermine their weight or validity.  As the Superior Court of Pennsylvania has explained, "involuntary civil commitment of mentally ill persons constitutes deprivation of liberty and may be accomplished only in accordance with due process protections." *In re M.A.C.*, 316 A.3d 163, 167 (Pa. Super. Ct. 2024) (citation omitted).  And challenges to allegedly unlawful deprivation of liberty lie at the core of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.").  Moreover, the United States Court of Appeals for the Third Circuit has explicitly stated, "There is no question about the appropriateness of habeas corpus as a method of challenging involuntary commitment to a mental institution." *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975) (citing *United States ex rel. Gerchman v. Maroney*, 355 F.2d 302 (3d Cir. 1966)).  Respondent's conclusory argument to the contrary, which is bereft of legal support and fails to address binding circuit precedent, is wholly unpersuasive.

[34]  50 PA. STAT. AND CONS. STAT. § 7305.  The MHPA provides for court-ordered involuntary commitment of a "person who is severely mentally disabled and in need of treatment." *See* 50 PA. STAT. AND CONS. STAT. § 7304(a).

[35]  *See* Doc. 15 at 1, 2.

[36]  *See* Doc. 33 at 1; Doc. 33-1 at 5-6.

health reasons since November 20, 2019.[37]  Super, however, has failed to pursue state remedies, and therefore dismissal of his Section 2254 petition is required.

Claims raised in a habeas corpus petition under 28 U.S.C. § 2254 generally are required to be exhausted in state court.[38]  "Exhaustion addresses federalism and comity concerns by affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."[39] Exhaustion should not be "overlooked lightly,"[40] and will not be excused simply because a petitioner believes his claims will be denied on the merits in state court.[41]  Moreover, exhaustion cannot be excused "unless state law *clearly forecloses* state court review of claims which have not previously been presented to a state court."[42]

Super's claims are unreviewable in this Court because he has not attempted to assert in state court any challenge—constitutional or otherwise—to his involuntary civil commitment under Section 305 of the MHPA.  Most notably, the MHPA provides a statutory mechanism for court review of a hearing conducted by

---

[37]  *See* Doc. 33 at 1; Doc. 33-1 at 4.
[38]  *See* 28 U.S.C. § 2254(b)(1)(A).
[39]  *Parker v. Kelchner*, 429 F.3d 58, 61 (3d Cir. 2005) (internal quotation marks and citations omitted).
[40]  *Id.* at 62 (citation omitted).
[41]  *Id.* at 63-64.
[42]  *Coady v. Vaughn*, 251 F.3d 480, 489 (3d Cir. 2002) (quoting *Lines v. Larkins*, 208 F.3d 153, 163 (3d Cir. 2000)).

a mental health review officer,[43] which hearing occurred in Super's case.[44]  When a mental health review officer conducts a hearing and finds that involuntary treatment is required, the person made subject to treatment has the right to "petition the court of common pleas for review of the certification."[45]  If the court of common pleas denies that petition, the petitioner (*i.e.*, the person subjected to involuntary treatment) may appeal to the Superior Court of Pennsylvania.[46]

Additionally, under 50 PA. STAT. AND CONS. STAT. § 7113, every person being treated under the MHPA is permitted to assert actions "requesting damages, declaratory judgment, injunction, mandamus, writs of prohibition, [and] habeas corpus," and may assert "challenges to the legality of detention or degree of restraint[.]"[47]  It follows that Super could have filed a habeas corpus petition in state court challenging his involuntary civil commitment.

Super, however, concedes that he did not avail himself of any of these available state remedies.[48]  Rather, the instant Section 2254 petition appears to be his first attempt at challenging his involuntary commitment in any court setting.[49]

---

[43]   *See* 50 PA. STAT. AND CONS. STAT. § 7109(b).
[44]   *See* Doc. 33-1 at 6.
[45]   50 PA. STAT. AND CONS. STAT. § 7109(b).
[46]   *See In re K.L.S.*, 934 A.2d 1244, 1246-47 (Pa. 2007); *In re Involuntary Commitment of Barbour*, 733 A.2d 1286, 1287 (Pa. Super. Ct. 1999); *In re A.B.*, No. 712 MDA 2024, 2024 WL 5135729, at *1, *2 (Pa. Super. Ct. Dec. 17, 2024) (nonprecedential)
[47]   50 PA. STAT. AND CONS. STAT. § 7113.
[48]   *See, e.g.*, Doc. 15 at 3-6, 9, 10, 13, 15.
[49]   *See* Doc. 33 at 8 n.7.

Yet Super cannot bypass available state-court remedies in an attempt to proceed directly to federal habeas review.[50]

In summary, Super has plainly not exhausted available state-court remedies for the claims in his Section 2254 petition.  He has not challenged the certification made by the mental health review officer or the commitment order entered by the court of common pleas, nor has he appealed the common pleas court's decision to the Superior Court of Pennsylvania.  Furthermore, Super has not sought any other type of relief in state court, like habeas corpus, as permitted by the MHPA.  Finally, Super has not proffered any basis to excuse his failure to exhaust state remedies or made a showing of cause and prejudice to overcome procedural default (if his claims are indeed defaulted).  Super's Section 2254 petition, therefore, will be dismissed without prejudice for failure to exhaust state remedies.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss without prejudice Super's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court likewise declines to issue a certificate of appealability, as Super has failed to make a substantial showing of the denial of a constitutional right,[51] or that "jurists of

---

[50]   *See Lor v. Wangley*, No. 17-cv-5532, 2019 WL 1756544, at *3 (E.D. Pa. Feb. 26, 2019) (citing *Kuhl v. Pa. Dep't of Welfare*, No. CIV. A. 90-2378, 1991 WL 63825, at *1 n.2 (E.D. Pa. Apr. 19, 1991); *Strowder v. Shovlin*, 272 F. Supp. 271, 273 (M.D. Pa. 1966), *aff'd*, 380 F.2d 370 (3d Cir. 1967)).

[51]   28 U.S.C. § 2253(c)(2).

reason would find it debatable" whether this Court's procedural ruling is correct.[52]

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[52]   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).